[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 22, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-14557
Non-Argument Calendar

_____

D. C. Docket No. 04-00234-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONDRELL CAPERS,
a.k.a. Tony Goss,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 22, 2006)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Dondrell Capers appeals his 80-month sentence for possession of a firearm

by a convicted felon in violation of 18 U.S.C. § 922(g). Capers argues that the sentence should be vacated because the court erred in its consideration of the mitigating factors he raised under 18 U.S.C. § 3553(a) and, relatedly, because 80 months is unreasonably long. Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

After hearing Capers's § 3553(a) arguments regarding mitigating circumstances, the district court clearly stated that it "considered the factors as outlined in 18 U.S.C. 3553" in "determining what would be an appropriate sentence . . . ." Capers calls this acknowledgment inadequate, arguing that a court must "address and either accept or reject factors raised and submitted for consideration at sentencing." A district court must consider the mitigating factors listed in 18 U.S.C. § 3553(a), but it need not explain each factor's applicability and relation to the sentence actually imposed. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). A simple "acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient . . . ." Id. We find that this requirement was adequately met in the present case. Absent evidence to the contrary, we have no cause to conclude that the court's avowed consideration of § 3553(a)'s effect on Caper's sentence failed to encompass the arguments it had just solicited on that score. Under such

2

circumstances, a court's "failure" to specifically address the content of defendant's arguments is analytically equivalent to a court's "failure," upheld in <u>Talley</u>, to enumerate and explain each of the mitigating factors it purports to have considered.

Capers's challenge to the length of his sentence also fails. A sentencing court must correctly calculate the sentencing range advised under the Sentencing Guidelines. <u>United States v. Crawford</u>, 407 F.3d 1174, 1178-79 (11th Cir. 2005). It "may [then] impose a more severe or more lenient sentence," so long as the sentence is reasonable. <u>Id.</u> at 1179. The burden on appeal rests with the party alleging unreasonableness, and this Court ordinarily expects to uphold as reasonable an otherwise sound sentence that falls within the advisory Guidelines range. <u>Talley</u>, 431 F.3d at 788 (11th Cir. 2005). Capers is unable to overcome these premises. Despite his extensive criminal history, and his second conviction on this very offense, Capers was sentenced at the lower end of the advisory Guideline range and 40 months below the 120-month statutory maximum sentence.

**AFFIRMED.**